IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WAALEE DIAAB FAJRI,

                              Petitioner,

              v.                              CASE NO. 04-3311-RDR

USP LEAVENWORTH, et al.,

                              Respondents.


O R D E R

     Petitioner proceeds pro se and in forma pauperis on a
petition for writ of habeas corpus under 28 U.S.C. 2241 filed
while he was incarcerate in the United States Penitentiary in
Leavenworth, Kansas (USPLVN).  By an order dated October 29,
2004, the court directed petitioner to show cause why the habeas
application should not be dismissed because no claim appropriate
for consideration or relief under 28 U.S.C. 2241 was presented.
Having reviewed petitioner's response, the court finds the
petition should be dismissed.

     The United States district courts are authorized to grant a
writ of habeas corpus to a prisoner "in custody in violation of
the Constitution or laws or treaties of the  United States."  28
U.S.C. 2241(c)(3).  It is recognized, however, that habeas corpus
is appropriate to challenge only conditions of confinement
affecting the fact or duration of a prisoner's confinement.  Rael
v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000), cert. denied,
531 U.S. 1083 (2001);  McIntosh v. United States Parole

<u>Commission</u>, 115 F.3d 809, 811 (10th Cir. 1997).  To challenge other conditions of confinement, a federal prisoner generally must seek relief for alleged constitutional violations by proceeding in a complaint filed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  *See e.g.*, <u>Leamer v. Fauver</u>, 288 F.3d 532, 540-44 (3rd Cir. 2002)(detailing Supreme Court history of distinguishing habeas and civil rights claims).

Here, petitioner recognizes that many of his allegations concern the conditions of his confinement.[1]  This is consistent with petitioner's requests for a medical treatment or transfer, or for his supervised release with paid medical treatment.  Accordingly, the court finds petitioner's allegations of cruel and unusual punishment regarding his USPLVN classification and program reviews, and allegations of deliberate indifference to his medical needs, do not present cognizable habeas claims.[2]

To the extent petitioner alleges respondents "substituted

---

[1]Petitioner also acknowledges same or similar claims are presented in his pending <u>Bivens</u> complaint and proposed amended complaint in the District of Kansas.  *See* <u>Fajri v. Corrections Corp. of America</u>, Case No. 03-3302-GTV.

[2]Petitioner also contends USPLVN staff ignored the sentencing court's decision that allegations of misconduct reported by officials at a Leavenworth facility operated by the Corrections Corporation of America (CCA) did not warrant a departure from the guideline sentence.  Petitioner consistently refers to the CCA report as "charges," and treats the sentencing court's determination as an exoneration on said "charges."  Petitioner argues any consideration of the CCA allegations by USPLVN staff in their evaluation of petitioner's classification and security needs is thus disallowed, and seeks an investigation and protective order to prevent any use of the CCA report.  No claim appropriate for habeas corpus is presented by these allegations or the relief petitioner requests.

their judgment" for the sentencing court's order, petitioner arguably raises a claim regarding the execution of his sentence. *See* McIntosh, 115 F.3d at 811 (2241 petitions are used to attack execution of a sentence).   The facts underlying such a claim, however, clearly reveal that no relief under 28 U.S.C. 2241 is warranted.

Petitioner alleges that notwithstanding the sentencing court's "order" for petitioner's placement in a medical correctional facility, CCA respondents conducted a "disciplinary transfer" of petitioner to USPLVN, a high security institution. It is well established, however, that a federal prisoner's place of confinement is not part of the sentence imposed by the United States District Court, but is instead a matter which the Attorney General, and now the Bureau of Prisons (BOP), has authority to determine. *See* Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468-69 n. 3 (10th Cir. 1992)(Bureau of Prisons, under 18 U.S.C. 3621(b), exercises jurisdiction over placement of prisoners, replacing the Attorney General as the entity vested with such authority), *cert. denied*, 51 U.S. 830 (1993).   It is also well established that a prisoners generally has no constitutional right to placement in any particular penal institution. *See* Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (prisoner has no constitutional right to be incarcerated in any particular facility or state).   While a sentencing court often makes recommendations for placement, it does so with full awareness that those recommendations may be disregarded by the BOP for a multitude of reasons.   Although "any statement by the court that

3

imposed sentence ... recommending a type of penal or correctional facility as appropriate...." is to be considered in selecting a suitable facility, 18 U.S.C. 3621(b)(4)(B), the final decision as to the prisoner's placement rests with the BOP.  <u>U.S. v. Lazo-Herrera</u>, 927 F.Supp. 1472, 1472-73 (D.Kan. 1996)(citations omitted).

And to the extent petitioner alleges he was denied procedural due process guarantees in a USPLVN disciplinary action resulting from petitioner's March 2004 assaultive encounter with another inmate, petitioner's exhaustive documentation reveals no proper or complete exhaustion of administrative remedies on petitioner's specific allegations of error,[3] *see* <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986)(federal habeas petitioner bears burden of showing exhaustion of remedies), or any  evidence to support petitioner's bare claim that the disciplinary sanction imposed actually involved the loss of earned good time credits.

---

[3]Petitioner variously claims that:  Officer Grey forged a staff member's signature on the Unit Disciplinary Committee (UDC) report which referred the matter to a Disciplinary Hearing Officer (DHO) for further proceedings; Grey exerted unlawful influence regarding petitioner's guilt, sanction, and classification; petitioner was denied witnesses at one or more stages of the disciplinary proceeding; and the warden's investigation and denial of wrongdoing constituted a coverup.

Petitioner documents his emergency grievance dated March 25, 2004, to the Internal Affairs Division in the Northern Regional Office of the Bureau of Prisons, concerning a multitude of issues including the alleged denial of due process in the administrative disciplinary action on an incident report charging petitioner with an assault occurring March 12, 2004.  The UDC found the affidavit provided by petitioner established adequate evidence of petitioner's guilt, and referred the matter to the DHO because assault is a serious charge and warranted sanctions not available at the UDC level.  Petitioner provides no information regarding any proceedings before the DHO hearing, the sanction imposed, or any formal administrative appeal pursued.

4

For these reasons, the court concludes the petition should be dismissed.   The dismissal is without prejudice on the limited issue of whether petitioner was denied due process in the disciplinary proceeding involving the March 2004 disciplinary charge of assault.

Petitioner's motion for appointment of counsel (Doc. 5) is denied.   There is no constitutional right to the appointment of counsel in federal habeas corpus proceedings.   Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).   Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.   See Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

The court also denies petitioner's separate motion to compel USPLVN officials to investigate and report on the truth of petitioner's allegations of staff misconduct (Doc. 8).   Although petitioner cites 28 U.S.C. 1361 and 42 U.S.C. 1997(c) and (h) as jurisdiction and authority for his request, the court finds no showing of extraordinary and compelling circumstances has been made to warrant mandamus relief under 28 U.S.C. 1361,[4] and finds

---

[4]A United States District court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."   28 U.S.C. 1361.   However, the "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations," Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980), and petitioner must show that his right to such relief is "clear and indisputable," Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990).

nothing to warrant application of 42 U.S.C. 1997c[5] or 42 U.S.C. 1997h[6] in this case.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (Doc. 5), and motion for intervention and investigation (Doc. 8), are denied.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus under 28 U.S.C. 2241 is dismissed.

DATED:  This 23rd day of August 2005, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[5]42 U.S.C. 1997c provides for the discretionary intervention of the Attorney General in a federal court action, for the purpose of protecting institutionalized persons against a pattern of violations of their rights under the Constitution or federal law.

[6]42 U.S.C. 1997h provides for notice to federal departments of the Attorney General's intention to file a motion to intervene under 42 U.S.C. 1997a.